**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

```
MARTHA L. KARAM,               :
                               :    Civil Action No. 09-904 (RBK-JS)
          Plaintiff,           :
                               :    OPINION
          v.                   :
                               :
STATE OF DELAWARE              :
DIVISION OF SERVICES FOR       :
CHILDREN YOUTH AND THEIR       :
FAMILIES,                      :
                               :
          Defendant.           :
```

**APPEARANCES:**

> Plaintiff <u>pro</u> <u>se</u>
> Martha L. Karam
> Wilmington, Delaware 19804

**KUGLER**, District Judge

Plaintiff Martha L. Karam filed this action pursuant to 42 U.S.C. § 12101 et. seq. alleging employment discrimination in violation of the Americans with Disabilities Act ("ADA"). At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I.   <u>BACKGROUND</u>

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff had been employed as a Family Crisis Therapist
with Defendant for nearly seven years when her employment was
terminated in July 2007.  Plaintiff had documented medical and
mental health issues and management was aware of her condition.
Plaintiff had accrued sick leave and was requesting family
medical leave to deal with health concerns.  Her request for
leave coincided with Defendant's decision to terminate her
employment.

## II.   STANDARDS FOR SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time,
certain in forma pauperis and prisoner actions that are
frivolous, malicious, fail to state a claim, or seek monetary
relief from a defendant who is immune from such relief.  See 28
U.S.C. § 1915(e)(2) (in forma pauperis actions).  The Court must
accept all factual allegations in a complaint as true and take
them in the light most favorable to a pro se plaintiff.  Phillips
v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008);
Erickson v. Pardus, 551 U.S. 89, 93 (2007).  Because Plaintiff
proceeds pro se, his pleading is liberally construed and her
Complaint, "however inartfully pleaded, must be held to less
stringent standards than formal pleadings drafted by lawyers."
Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either
in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325

2

(1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.  <u>Neitzke v. Williams</u>, 490 at 327-28; <u>Wilson v. Rackmill</u>, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions.  <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend her Complaint unless amendment would be inequitable or futile.  <u>See Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3rd Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions.  <u>See Ashcroft v. Iqbal</u>, -U.S.- , 129 S.Ct. 1937 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).  When determining whether dismissal is appropriate, the Court conducts a two-part analysis.  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).  First, the factual and legal elements of a claim are separated.  <u>Id.</u>  The Court must accept all of the

3

complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that Plaintiff has a "plausible claim for relief." Id. at 211; see also Iqbal, –U.S.–, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. In other words, the complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id.

A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, –U.S.–, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Id. (quoting Fed. R. Civ. P. 8(a)(2)).

III.   <u>ADA</u>

The ADA requires that, prior to bringing a civil action in court, a plaintiff must exhaust her administrative remedies by filing a charge with the EEOC.   42 U.S.C. § 20003-5(e)(1); 42 U.S.C. § 12117(a) (adopting Title VII enforcement scheme and remedies for ADA).

IV.   <u>ANALYSIS</u>

The Complaint states that Plaintiff filed charges with the EEOC.  The Complaint does not indicate when the charges were filed or whether Plaintiff received a right-to-sue letter.  A right-to-sue letter indicates that a complainant has exhausted administrative remedies.  <u>Phillips v. Sheraton Society Hill</u>, 163 F. App'x 93, 94 (3d Cir. 2005) (not published).

Exhaustion under Title VII requires both consultation with an agency counselor and filing a formal EEOC complaint within the required time.  <u>Robinson v. Dalton</u>, 107 F.3d 1018, 1021 (3d Cir. 1977); <u>see also</u> <u>Ebbert V. DaimlerChrysler Corp.</u>, 319 F.3d 103, 115 n.14 (3d Cir. 2003).  The aggrieved person is not permitted to bypass the administrative process.  <u>Ostapowicz v. Johnson Bronze Co.</u>, 541 F.2d 394, 398 (3d Cir. 1976) (citations omitted). The jurisdictional prerequisites to the filing of a suit under Title VII are the filing of charges with the EEOC and the receipt of the notice of the right-to-sue letter.  <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 798-99 (1973); <u>Ostapowicz</u>, 541 F.2d

at 398; <u>Tlush v. Manufacturers Res. Ctr.</u>, 315 F. Supp. 2d 650, 655 (E.D. Pa. 2002) (attainment of a right-to-sue letter from the EEOC is a condition precedent to filing Title VII and ADA suits).

It is not clear from the Complaint if Plaintiff has exhausted her administrative remedies before the EEOC. Because the Complaint does not assert the exhaustion of administrative remedies before the EEOC or contain a right-to-sue letter, and it is unclear if the Complaint was timely filed, the Court will dismiss the Complaint without prejudice with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, if Plaintiff wishes to pursue her claims under the ADA, she shall amend her Complaint to set forth more fully whether she exhausted her administrative remedies and whether her claim was timely filed in this Court.  Specifically, Plaintiff shall file an Amended Complaint detailing her EEOC charge and attach thereto a full and complete copy of the EEOC right-to-sue letter.

## V.  CONCLUSION

For the reasons set forth above, the Complaint must be dismissed without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff will be given leave to amend the Complaint as outlined in the body of this Opinion.  An appropriate Order follows.

s/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: January 12, 2010

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

```
MARTHA L. KARAM,              :
                             :    Civil Action No. 09-904 (RBK-JS)
         Plaintiff,          :
                             :    ORDER
         v.                  :
                             :
STATE OF DELAWARE            :
DIVISION OF SERVICES FOR     :
CHILDREN YOUTH AND THEIR     :
FAMILIES,                    :
                             :
         Defendant.          :
```

For the reasons expressed in the Opinion filed herewith,

IT IS on this  12th  day of January, 2010,

ORDERED that Plaintiff's Complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

ORDERED that Plaintiff is given leave to AMEND the Complaint to detail her EEOC charge and to attach a full and complete copy of the EEOC right-to-sue letter; and it is further

ORDERED that the case will be CLOSED if Plaintiff fails to amend the Complaint within THIRTY (30) DAYS from the date of this Order; and it is finally

ORDERED that the Clerk shall serve copies of this Order and accompanying Opinion upon Plaintiff by regular U.S. mail.

                                        s/Robert B. Kugler
                                        Robert B. Kugler
                                        United States District Judge