NOT FOR PUBLICATION (Doc. No. 11)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARTHA L. KARAM, | : |
| Plaintiff, | : Civil No. 09-904 (RBK/JS) |
| v. | : **OPINION** |
| STATE OF DELAWARE DIVISION OF SERVICES FOR CHILDREN, YOUTH AND THEIR FAMILIES, | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

Plaintiff Martha L. Karam brings this action against her former employer, the Delaware Department of Services for Children, Youth, and Their Families, for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").  Defendant now moves to dismiss Plaintiff's claims for lack of subject-matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6).  Defendant argues that state sovereign immunity bars Plaintiff's claims.  Because Defendant is a state agency and Congress has not validly abrogated Defendant's sovereign immunity regarding Plaintiff's claims, and because Defendant has not waived its immunity, the Court grants Defendant's motion to dismiss for lack of subject-matter jurisdiction.

1

## I.   BACKGROUND

Defendant employed Plaintiff part-time as a Family Crisis Therapist between the year 2000 and July 28, 2007.  (Am. Compl. ¶ 4; Pl's Attach. 5, 4)  Plaintiff has suffered from medical and mental health issues since December 2006.  (Am. Compl. ¶ 3.)  Her troubles with Defendant began around that time.  She alleges that she missed work for several days in December 2006, May 2007, and June 2007 because of her health.  (Id. ¶¶ 3-4; Pl.'s Attach. 5, at 4.)  Defendant reprimanded her in October 2006 and suspended her for one day in December 2006.  (Pl.'s Attach. 5, at 4.)  According to Defendant, Plaintiff was disciplined for insubordination and attendance issues .  (Id.)  On June 28, 2007, Plaintiff's doctor recommended that Plaintiff take a six-week absence from work.  (Am. Compl. ¶ 3.)  On that same day, Plaintiff informed her supervisor that she wished to take leave pursuant to the FMLA.  (Id. ¶ 3.)  Plaintiff alleges that her FMLA request was "neither denied [n]or approved . . . – rather, it was ignored."  (Id. ¶ 5).

On June 30, 2007, Plaintiff received a letter from Defendant terminating her employment as of July 28, 2007.  (Id. ¶¶ 3, 5.)  Plaintiff claims that Defendant terminated her because of her disability.  After Plaintiff's termination, she filed a claim with the Equal Opportunity Employment Commission ("EEOC").  On August 27, 2009, the EEOC issued Plaintiff a notice of dismissal and right to sue.  (Pl.'s Attach. 5, at 7.)  On November 25, 2009, Plaintiff timely filed her Complaint <u>pro se</u> and <u>in forma pauperis</u>.  In January 2010, this Court dismissed Plaintiff's Complaint without prejudice under 28 U.S.C. § 1915(e)(2) and granted Plaintiff leave to amend.  Plaintiff timely filed her Amended Complaint in February 2010.  Her Amended Complaint includes claims under the ADA and FMLA and requested monetary damages.  (Am. Compl. ¶ 9.)  The Amended Complaint does not specify which ADA or FMLA provisions

Plaintiff is suing under.

In May 2010, Defendant moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim. Plaintiff timely filed a motion for an extension of time to file opposition to Defendant's motion. This Court granted Plaintiff's request, and, on October 29, 2010, Plaintiff filed a response. Defendant did not submit a reply. Defendant's motion is therefore ripe for decision.

## II.    STANDARD OF REVIEW

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." UD Tech. Corp. v. Phenomenex, Inc., No. 05-842, 2007 WL 28295, at *3 (D. Del. Jan. 4, 2007) (quoting In re Corestates Trust Fee Litig., 837 F. Supp. 104, 105 (E.D. Pa. 1993)) (internal quotation marks omitted). A challenge to the court's subject-matter jurisdiction may be "facial" or "factual." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Motions that do not challenge the truth of the plaintiff's allegations, such as this one, are facial challenges. Cardio-Med. Assocs. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983). In reviewing a facial challenge, this Court must dismiss Plaintiff's claims if "the allegations on the face of the complaint, taken as true, [do not] allege facts sufficient to invoke [its] jurisdiction." Licata v. U.S. Postal Serv., 33 F.3d 259, 260 (3d Cir. 1994).

## III.    DISCUSSION

Defendant's sole argument on this motion is that this Court does not have subject-matter jurisdiction because Plaintiff's ADA and FMLA claims are barred under the doctrine of

sovereign immunity.

Each state is a "sovereign entity in [the] federal system." Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996). Because of their sovereignty, states are generally immune from suit for money damages. Alden v. Maine, 527 U.S. 706, 713 (1999). This principle is embodied in, but not limited by, the Eleventh Amendment to the United States Constitution. Id. at 712-13. Sovereign immunity also extends to any state agency that qualifies as an "arm of the state." Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997).

There are at least two exceptions to state sovereign immunity. First, an individual can sue a state if: (1) Congress has "unequivocally expressed its intent to abrogate the [state's] immunity[,]" and (2) Congress did so "pursuant to a valid exercise of [its Fourteenth Amendment] power." Seminole Tribe, 517 U.S. at 55, 59 (quoting Green v. Mansour, 474 U.S. 64, 68 (1985)) (internal quotations omitted). Congress validly exercises its Fourteenth Amendment power when it: (1) secures the Amendment's "actual guarantees" or (2) prohibits facially constitutional conduct to remedy or deter violations of "actual guarantees" and demonstrates "'congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end[.]'" Nev. Dep't of Human Res. v. Hibbs, 538 U.S. 721, 727-28 (2003) (quoting City of Boerne v. Flores, 521 U.S. 507, 520 (1997)).

Second, a state can waive its sovereign immunity. Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999). A state waives immunity by unequivocally consenting to suit. Id. at 682. This "stringent" test is satisfied if the state "voluntarily invokes [federal] jurisdiction" or clearly declares its intent "to submit itself to [federal] jurisdiction." Id. at 675-76. It is not satisfied if the state merely consents to suit "in

the courts of its own creation" or "'in any court of competent jurisdiction[.]'" Id. at 676 (quoting Kennecott Copper Corp. v. State Tax Comm'n, 327 U.S. 573, 577-79 (1946)).

Here, Defendant is an arm of the state, Rodriguez v. Stevenson, 243 F. Supp. 2d 58, 63 (D. Del. 2002), and thus is immune from Plaintiff's federal claims unless Plaintiff can satisfy one of the exceptions to state sovereign immunity. Moreover, state sovereign immunity is "a jurisdictional bar which deprives federal courts of subject matter jurisdiction." Blanciak v. Allegheny Ludlum Corp., 77 F3d 690, 693 n.2 (3d Cir. 1996). Thus, the Court must grant Defendant's 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction if Defendant enjoys immunity from Plaintiff's ADA and FMLA claims. The Court considers both claims in turn.

### A. Plaintiff's ADA Claims

Plaintiff does not specify which ADA provision Defendant allegedly violated. Nevertheless, because Plaintiff proceeds pro se, her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). The Court therefore liberally construes Plaintiff's Amended Complaint as asserting claims under both Title I and Title V of the ADA.

Title I prohibits an employer "[from] discriminat[ing] against a qualified individual on the basis of disability in regard to . . . employment." 42 U.S.C. § 12112. Plaintiff's Amended Complaint can be construed as asserting a Title I claim because she alleges that Defendant disciplined her and terminated her employment because of her alleged disability. Title V prohibits retaliation "against any individual because such individual has opposed any act or practice made unlawful by [the ADA]." 42 U.S.C. § 12203. Plaintiff's Amended Complaint can

also be construed as asserting a Title V claim. The Amended Complaint suggests that Plaintiff complained to Defendant about various negative performance reviews that she believed were based on her disability and not her actual performance. If the Court generously construes the Amended Complaint, Plaintiff's allegation of wrongful termination may be predicated on her contestation of her allegedly discriminatory performance reviews.[1]

However, Defendant enjoys immunity from both Title I and Title V suits. Title I does not abrogate state sovereign immunity. See Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 368, 374 (2001). The Supreme Court has held that the ADA's express abrogation of sovereign immunity is unconstitutional as to Title I claims because Congress did not establish that Title I was intended to remedy or deter violations of the Fourteenth Amendment's guarantees. Id. at 368. Indeed, the Court found that the ADA's legislative record does not "identify a pattern of irrational state discrimination in employment against the disabled." Id. at 368. Thus, the Court concluded that Title I was not within Congress' Fourteenth Amendment

---

[1] Plaintiff's Amended Complaint should not be construed as asserting a Title II claim. Title II of the ADA "bans discrimination against qualified but disabled persons from participating in services, programs, or activities, or from receiving benefits of the services provided by the state." Chiesa v. N.Y. State Dep't of Labor, 638 F.Supp.2d 316, 323 (N.D.N.Y. 2009) (citing 42 U.S.C. § 12132). Courts generally do not allow state employees to bring employment discrimination claims under Title II because this would provide an end-run around the state's immunity to suit under Title I and contradict the plain language of both Title I and Title II. See id. at 322-24; Zimmerman v. Or. Dep't of J., 170 F.3d 1169, 1178 (9th Cir.1999); Stine v. Pa. State Police, No. 09-944, 2010 WL 4514326, at * 15-16 (M.D. Pa. Nov. 2, 2010) ("Title II of the ADA does not create a cause of action for employment discrimination."); see, e.g., Castells v. Fisher, No. 05-4866, 2007 WL 1100850, at *5-6 (E.D.N.Y. 2007); Sworn v. W. N.Y. Children's Psychiatric Ctr., 269 F.Supp.2d 152, 157 (W.D.N.Y.2003); Koslow v. Pennsylvania, 158 F. Supp. 2d 539, 542 (E.D. Pa. 2001), rev'd on other grounds, 302 F.3d 161, 165 (3d Cir. Pa. 2002). Nevertheless, there is a circuit-split on this issue, and the Third Circuit has not yet ruled on it. See Lavia v. Pennsylvania, 224 F.3d 190, 195 (3d Cir. 2000) (noting circuit split and declining to rule); see also Stine, 2010 WL 4514326, at * 15 (noting that the Third Circuit has still not addressed the issue). Significantly, however, in Lavia, the complaint did not state whether the plaintiff was asserting a claim under Title I or Title II and the Third Circuit refused to construe the plaintiff's claim as a Title II claim. Lavia, 224 F.3d 195. Similarly, this Court does not construe Plaintiff's unidentified ADA claim as a Title II claim. Moreover, the Court finds that the better authority on this issue holds that Title II does not create a cause of action for state employees to bring employment disputes. Title I is the proper basis for those claims. Thus, even if the Court construed Plaintiff's claim as a Title II claim, it would properly be dismissed on that basis.

power, and, therefore, it cannot abrogate state sovereign immunity. Id.

Neither the Supreme Court nor the Third Circuit have decided whether Title V is a valid abrogation of state sovereign immunity. The Ninth Circuit appears to be the only Court of Appeals to have decided the issue. See Demshki v. Monteith, 255 F.3d 986, 987-88 (9th Cir. 2001). The Ninth Circuit found that the Supreme Court's holding in Garrett "necessarily applies to claims brought under Title V [when] the claims are predicated on alleged violations of Title I." Id. at 988. It reasoned that because Congress had not identified a sufficient pattern of state employment discrimination, it had not identified a sufficient pattern of retaliation for opposition to such discrimination. Id.

The majority of district courts that have considered this issue have found that Title V does not validly abrogate state sovereign immunity when it is premised on Title I violations. See, e.g., Foster v. N.J. Dep't of Transp., No. 04-101, 2005 WL 3542462, at *5 n.7 (D.N.J. Dec. 27, 2005); Chiesa, 638 F.Supp.2d at 323; Shabazz v. Tex. Youth Comm'n, 300 F.Supp.2d 467, 472-73 (N.D. Tex. 2003).

Three district courts have found that Title V validly abrogated state sovereign immunity if Congress validly abrogated immunity for the underlying violation upon which the Title V retaliation claim is based. Two district courts found valid abrogation when the underlying discrimination occurred under Title II of the ADA. Demby v. Md. Dep't of Health & Mental Hygiene, No. 06-1816, 2009 WL 415265, at *1 (D. Md. Feb. 13, 2009); Sarkissian v. W. Va. Univ. Bd. of Governors, No. 05-144, 2007 WL 1308978, at *8 (N.D.W. Va. May 3, 2007). In both Demby and Sarkissian, the court first determined that Title II validly abrogated state sovereign immunity. Demby, 2009 WL 415265, at *1; Sarkissian, 2007 WL 1308978, at *7-8.

Both courts found that their holding regarding Title II "necessarily applie[d] by analogy" to a Title V claim premised on Title II violations. Sarkissian, 2007 WL 1308978, at * 8; see Demby, 2009 WL 415265, at *2. Significantly, the Demby court found that Title V claims premised on Title II violations were distinguishable from Title V claims premised on Title I violations. Demby, 2009 WL 415265, at *1.

A district court in the Eastern District of Pennsylvania found valid abrogation under Title V when the plaintiff pled an underlying First Amendment claim. Roberts v. Penn. Dep't of Pub. Welfare, 199 F. Supp. 2d 249, 253-54 (E.D. Pa. 2002). According to the court, the First Amendment claim enforced an actual Fourteenth Amendment guarantee. Id. at 254. Thus, the Title V claim was not barred by sovereign immunity because it was predicated on a claim that was not barred by sovereign immunity. Id.

This Court finds Plaintiff's Title V claim is barred by sovereign immunity. The above cases establish the general principle that a Title V claim is barred if the underlying claim is barred by sovereign immunity. See generally Demshki, 255 F.3d 987-88. This principle holds true even in those cases where the court did not dismiss the Title V claim. In each of those cases, the court premised its holding on its threshold determination that the underlying claim involved a valid abrogation of sovereign immunity.

In this case, Plaintiff's underlying ADA claim is premised on Title I. Title I does not include a valid abrogation of sovereign immunity. See Garret, 531 U.S. at 374. Thus, Defendant is immune from Plaintiff's Title V claim because it is premised on Defendant's alleged violation of Title I. Consequently, Plaintiff's ADA claims do not satisfy the first exception to state sovereign immunity.

Plaintiff's ADA claims also fail to satisfy the second exception to sovereign immunity. There is no indication that Delaware has consented to suit under either Title I or Title V. Although Delaware has enacted its own Law Against Discrimination, see Del. Code. Ann. tit. 19 § 724 et seq., state statutes that generally prohibit discrimination are not sufficient to waive immunity from ADA claims. Acevedo Lopez v. Police Dep't of P.R., 247 F.3d 26, 29 (1st Cir. 2001); cf. Johnson v. N.C. Dep't of Health & Human Svcs., 454 F. Supp. 2d 467, 471 (M.D.N.C. 2006) (finding that a statute rose to the level of unequivocal because it stated that "[t]he sovereign immunity of this state is waived for . . . the Americans with Disabilities Act"). Thus, Delaware's Law Against Discrimination does not constitute a valid waiver of sovereign immunity regarding ADA claims. See Acevedo, 247 F.3d at 29. The Court has not found any other Delaware law that could be construed as a waiver of sovereign immunity under the ADA.

Because Congress has not validly abrogated Defendant's sovereign immunity and Defendant has not waived its sovereign immunity, this Court does not have jurisdiction to hear Plaintiff's ADA claims.

**B. Plaintiff's FMLA Claim**

Plaintiff does not specifically identify the FMLA provision under which she is suing Defendant. However, because Plaintiff alleges that Defendant refused to answer her request for leave from work in order to care for herself, this Court construes her complaint to implicate the FMLA's self-care provisions. The FMLA's self-care provisions entitle an employee to twelve weeks of medical leave if the employee suffers from a "serious health condition." See 29 U.S.C. § 2612(a)(1)(D) (providing right to medical leave). The FMLA makes it unlawful for "an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" the right

to medical leave.[2]  29 U.S.C. § 2615(a)(1).

Defendant nevertheless enjoys state sovereign immunity for this claim.  The Third Circuit has found that the FMLA's self-care provisions do not validly abrogate state sovereign immunity.  Banks v. Court of Common Pleas FJD, 342 F. App'x 818, 820 (3d Cir. 2009); Chittister v. Dep't of Cmty. & Econ. Dev., 226 F.3d 223, 229 (3d Cir. 2000).  Furthermore, there is no indication that Defendant has waived sovereign immunity under the FMLA.  See generally Serafin v. Conn. Dep't of Mental Health & Addiction Servs., 118 F. Supp. 2d 274, 278 n.6 (D. Conn. 2000) (finding that "laws guaranteeing citizens' federal rights, including their rights under the FMLA, or granting employees additional family and medical leave rights under state law are insufficient" to waive sovereign immunity from the FMLA); cf. Brewer v. Jefferson-Pilot Standard Life Ins. Co., 333 F. Supp. 2d 433, 438-39 (M.D.N.C. 2004) (noting that North Carolina consented to suit only by explicitly stating that it waived its sovereign immunity from FMLA claims).  Thus, sovereign immunity bars this Court from hearing Plaintiff's FMLA claim.

---

[2] Plaintiff's Amended Complaint cannot be construed as asserting an FMLA retaliation claim.  To assert a claim for retaliation under the FMLA, Plaintiff must allege:  (1) she took FMLA leave, (2) she suffered an adverse employment decision, and (3) the adverse decision was casually related to her leave.  Lepore v. Lanvision Sys., Inc., 113 Fed. App'x. 449, 453 (3d Cir. 2004) (citing Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 146 (3d Cir. 2004)).  Plaintiff admits in her Amended Complaint that Defendant did not approve her FMLA request and that she did not take FMLA leave.  Thus, Defendant could not have retaliated against Plaintiff for taking FMLA leave.  Plaintiff's claim is therefore most appropriately construed as a direct violation of Plaintiff's right to take leave under the FMLA's self-care provisions.

## IV. CONCLUSION

For the reasons discussed above, the Court grants Defendant's motion to dismiss for lack of subject-matter jurisdiction. An appropriate order shall enter.

Dated: 12/14/2010                                              /s/ Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge